[No. 38237. Department Two. September 15, 1966.]

CHARLES EDWARD NYMAN, *Appellant,* v. MACRAE BROTHERS
CONSTRUCTION COMPANY, *et al., Respondents.**

*Roy E. Jackson* and *Daniel G. Goodwin,* for appellant.

*Joseph C. McKinnon,* for respondents.

FINLEY, J.—This case presents an often recurring problem
of agency law: Whether a servant directed or permitted
by his master to perform services for another becomes the
servant of such other while performing such services. The
cases are legion and are collected under the annotations
dealing with the so-called "loaned servant doctrine." They
present quite a Pandora's "package" for analysis.[1] In view
of the variety of fact patterns inherent in situations involv-
ing the trading, borrowing, or renting of servants between

*Reported in 418 P.2d 253.

---

[1] See *Davis v. Early Constr. Co.,* 63 Wn.2d 252, 257, 386 P.2d 958 (1963),
where at footnote 2 there are thirteen Washington cases cited which
deal with the "loaned servant doctrine."

and among masters, it seems apparent that a "seamless web" of continuity or predictability in such cases is at best dubious. However, there are certain indicia of control or supervision as to alleged "loaned servants." These indicia, when established by proof by one or the other of the masters involved, ought to be determinative of the question of whether the employee at the time of the act involved was the servant of the one or the other, or both.

The instant appeal is typical of the problem indicated hereinbefore. The plaintiff-appellant, Charles Edward Nyman, was an employee of the Seaborn Pile Driving Company at the time of the personal-injury incident involved in this lawsuit. Seaborn Pile Driving Company had leased, on an hourly basis, from the defendant-respondent Mobile Crane Company a large crane, together with an operator and an oiler. The defendant-respondent MacRae Brothers Construction Co. is actually the same business and commercial entity as the Mobile Crane Company and will not be referred to hereinafter. The crane was utilized to provide the power for operating a pile driving machine which consisted of pile driving leads, hammer, and related equipment. Seaborn Company's foreman on the job signaled Mobile Crane Company's operator, defendant-respondent Jack Bickler, to commence work on August 20, 1962, by "picking up the hammer" that was attached to the crane which Bickler was operating. Defendant Bickler pulled the wrong lever within the cab. Consequently, a cable, which was attached from the crane boom to a large piling, became taut. The piling then swung down the slope on which it had been lying and struck the plaintiff, causing a severe leg injury.

Subsequently, the plaintiff commenced this personal injury action against Jack Bickler and his wife and the Mobile Crane Company. The plaintiff's theory was that Bickler's negligence had been the proximate cause of the accident, and that Mobile Crane Company was liable on a theory of respondeat superior. The trial court ruled as a matter of law that Bickler's negligence was the proximate cause of the accident. The only defense submitted to the jury related to whether or not the defendant operator was a

"loaned servant" at the time of the accident, thus precluding the plaintiff from any recovery outside of that provided for in the Workmen's Compensation Act.[2] The jury returned a verdict for the defendants, and this appeal followed.

The appellant's three assignments of error raise only one basic issue: whether the trial court erred in submitting to the jury the question of whether or not Bickler had become a "loaned servant" at the time of the incident. In other words, the appellant contends that the trial court should have ruled as a matter of law that the respondent Mobile Crane Company was liable on a theory of respondeat superior for the negligence of its employee Jack Bickler.

There can be no liability as a master unless the servant is liable. Restatement (Second), Agency § 217 B (2) (1958); Restatement, Torts § 883, illustration 4 (1939). Initially, therefore, it should be noted that Mobile Crane Company, as the alleged master of Jack Bickler, could not be liable for the injuries suffered by the plaintiff unless Bickler was negligent—and unless that negligence was the proximate cause of the plaintiff's injuries. The trial court ruled as a matter of law that Bickler was guilty of culpable neglect. Inasmuch as the respondents have not cross-appealed from that ruling, Bickler's negligence is not in issue.

It should be noted also that there are three possible conclusions with respect to the legal status of Bickler at the time of the incident. He could have been either: (1) the servant of his general master, the Mobile Crane Company; or (2) the servant of the "borrowing" master, the Seaborn Pile Driving Company; or (3) the servant of both companies. Restatement (Second), Agency §§ 226, 227 (1958). Obviously, he remained the servant of the Mobile Crane Company in the sense that he was still in their em-

[2]By the provisions of RCW 51.04.010 of the Washington Workmen's Compensation Act, all civil causes of action by workmen against employers for injuries received in hazardous work are abolished. The plaintiff herein has no cause of action against Jack Bickler or his general employer, the Mobile Crane Company if Bickler is deemed to be a fellow servant of the plaintiff, subject to the control of the Seaborn Pile Driving Company. Plaintiff's sole remedy would be pursuant to the provisions of the Workmen's Compensation Act.

ploy. But the question remains as to whether Bickler, in performing certain functions with the crane for Seaborn Pile Driving Company, became the servant of that company to that limited extent. There can be no question that "[h]e may become the other's servant as to some acts and not as to others." Restatement (Second), Agency § 227 (1958).

The appellant argues that the trial court should have ruled as a matter of law that Bickler was not the servant of Seaborn Pile Driving Company at the time of his inadvertent selection of the wrong lever on August 20, 1962. Normally, the question of whether or not a particular individual was a "loaned servant" is a factual one, to be determined by the jury. Restatement (Second) Agency § 227 (1958). We have previously held, under similar circumstances, that it was reversible error for the trial court to rule as a matter of law on the factual issue of whether or not a defendant was a "loaned servant" where there is substantial evidence in the record upon which reasonable minds could differ. *Davis v. Early Constr. Co.,* 63 Wn.2d 252, 386 P.2d 958 (1963). We are convinced that in the instant case the question of the defendant Jack Bickler's legal status was a proper one for the jury.

The following factors are indicative of his "loaned servant status": (1) Bickler was expected not only to give the results called for by his temporary employer, the Seaborn Pile Driving Company; he was expected to use the crane in the manner desired by that company; (2) it was specifically requested that Bickler, personally, work as the operator of the crane during the negotiation of the lease agreement; (3) Mobile Crane Company had relinquished all right to control Bickler in his operation of the machine at the Seaborn Pile Driving Company construction site; and (4) Seaborn Pile Driving Company exercised that right of control by giving specific orders to Bickler, which he obeyed. It is admittedly true that a continuance of the general employment is generally indicated where, as here, the rented instrumentality is of considerable value, and where the general employer would expect the employee to protect his interests in the use of the instrumentality

as opposed to any conflicting interest on the part of the temporary employer. Restatement (Second), Agency § 227 Comment C, p. 501 (1958). But we think there is substantial evidence in the record to warrant the jury's conclusion that Seaborn Pile Driving Company had the right to control, and was controlling, the defendant Bickler's actions at the time of the incident involved.

The jury's verdict for the defendants and the judgment of dismissal of plaintiff's claim entered by the trial court are hereby affirmed.

ROSELLINI, C. J., WEAVER and HAMILTON, JJ., and LANG-ENBACH, J. Pro Tem., concur.

November 21, 1966. Petition for rehearing denied.