Loren Christian **BRANDES**,
Plaintiff/Appellant/Cross-Appellee,

v.

**UNITED STATES of America, et al.,**
Defendants/Appellees/Cross-Appellants.

Nos. 84–2520, 84–2604.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 16, 1986.

Decided Feb. 25, 1986.

Edwin Train Caldwell, Caldwell & Johnson, San Francisco, Cal., for plaintiff/appellant/cross-appellee.

G. William Filley, Frolik, Filley & Schey, San Francisco, Cal., Joan M. Bernott, U.S. Dept. of Justice, Washington, D.C., for defendants/appellees/cross-appellants.

Before SNEED, ANDERSON, and ALARCON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Loren Brandes appeals from the district court's determination that Brandes was the sole cause of the automobile accident in question and from the denial of his motion for a new trial. Included in this appeal is a cross-appeal from the United States regarding the district court's decision that Rue Dann, the driver of the government vehicle, was a federal employee when the accident occurred. Because we find that

Dann was not a federal employee, the district court lacked jurisdiction over the subject matter of the case and its decisions are therefore vacated.

## I. FACTS

This suit arose from a traffic accident near Sausalito, California, involving Loren Brandes and Rue Dann. At the time of the accident, Dann was operating a United States Government vehicle. Dann's fiance, Dr. John Ziegler, had accepted a job with the Veterans' Administration (VA) in San Francisco and Ziegler and Dann had come to California to search for a house. To facilitate their househunting, they were issued a United States Government vehicle.

The accident occurred on June 7, 1981, while Dann was househunting. The vehicles collided while traveling in the northbound lane of U.S. 101. As a result of the accident, Brandes was injured and brought suit against the United States Government under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, and against Dann individually.

In a series of motions, the government sought a ruling that the government was not responsible for any damages because Dann was not a government employee at the time of the accident. Similarly, Brandes sought a ruling of partial summary judgment, arguing that the district court should consider Dann to be a federal employee for purposes of the FTCA. On February 24, 1983, the district court granted Brandes' motion, finding that under the facts and circumstances of the case, Dann was a government employee within the meaning of the FTCA. The government made a motion for reconsideration of the partial summary judgment. The district court reaffirmed its conclusion in *Brandes v. United States*, 569 F.Supp. 538 (N.D.CA 1983).[1]

## II. DISCUSSION

■ Under Ninth Circuit precedent, federal courts must apply federal law in determining whether an individual is a federal employee. *United States v. Becker*, 378 F.2d 319 (9th Cir.1967). To determine whether the government may be held liable, this court must first turn to the language of the FTCA. The FTCA authorizes suits against the United States for damages "under circumstances where the United States, if a private person, would be liable to the claimant...." 28 U.S.C. § 1346(b). The FTCA does not, however, entirely waive the sovereign immunity of the United States: the federal government may only be held liable for damages caused by the negligent or wrongful act or omission of a government employee. 28 U.S.C. § 1346(b); *Borquez v. United States*, 773 F.2d 1050, 1051–52 (9th Cir.1985).

The FTCA defines an employee of the government as follows:

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard ..., and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation."

28 U.S.C. § 2671.

From the above definition, it is clear that Dann was not a federal employee. To begin with, she was neither a member of the military or naval forces nor a National Guard member.

■ Second, she was not an "officer or employee" of a federal agency. Although the term "employee" is not defined by the FTCA, it is a fundamental canon of statutory construction that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, com-

---

**1.** By reason of her dismissal, Dann did not participate in the trial nor is she involved in the appeal of the matters relating to the trial, findings, conclusions, motion for new trial, etc. Brandes appeals from the district court's findings and conclusions and from the denial of his motion for a new trial. None of these matters is properly before us and they need not be addressed.

mon meaning. Therefore, the court must look to the ordinary meaning of the term "employee." *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). In the ordinary use of English, "employee" means "one employed by another usually in a position below the executive level and usually for wages." Webster's Third New International Dictionary 743 (1976). The term "employ" means "to use or engage the services of." *Id.* In legal parlance, the same type of usage can be found. Black's Law Dictionary 471 (rev. 5th ed. 1979). Using this fundamental rule of statutory construction, the VA had neither "used" nor "engaged" the services of Dann. Although the VA regulations state that househunting is an official government purpose, those regulations do not make a person an employee in determining the substantive liability of the United States under the FTCA. Because Dann's services were not used or engaged by the VA, she was not in their employ and was therefore not an employee.

Finally, Dann was not a "person acting on behalf" of the VA; she was acting on her own and her finance's behalf. She took no action on behalf of the VA which would make her an employee within the FTCA.

■ It should be noted that the district court, in finding that Dann was a government employee, felt compelled by Ninth Circuit precedent to use agency law. The cases cited by the district court, however, used agency law to decide that a person was either an employee or an independent contractor. The initial determination had already been made that the person involved was working in some type of capacity. The issue to be determined in those cases was what that capacity actually was. In the case at hand, the threshold question had not yet been answered when the district court turned to agency law. This court has answered that threshold question by finding that Dann was not employed in any capacity by the federal government. Agency law is still proper law to use when determining that one is *either* an employee or an independent contractor for FTCA purposes. It cannot be used, however, for making the initial determination involved in this case.

Because Dann was not a federal employee when the accident occurred, the United States is not a party to this action. As such, the district court did not have jurisdiction under 28 U.S.C. § 1346(b) and its decisions are VACATED, with instructions to dismiss the action as against the United States.

No costs or attorneys' fees are allowed on this appeal.