24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis COLLINS-AVILA, aka Jose Avila Martinez-Collins;
aka Francisco Javier Avila-Martinez; aka "Gordo,"
Defendant-Appellant.
 No. 93-10200.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1994.*
Decided April 29, 1994.
 
 1
 Before: POOLE, BEEZER and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Jose Luis Collins-Avila ("Collins") appeals his conviction of one count of attempted possession with intent to distribute 20 kilograms of cocaine in violation of 21 U.S.C. Secs. 841 and 846. Collins argues that his conviction was based on a statute that unconstitutionally shifts a necessary element of the offense to the sentencing phase. He also appeals the district court's decision to sentence him based on the amount of narcotics negotiated, rather than the amount he could have purchased. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * Collins argues that the statute under which he was convicted, 21 U.S.C. Sec. 846 (conspiracy to possess and distribute narcotics), unconstitutionally shifts the proof of a necessary element of the offense, the quantity of drugs involved, to the sentencing phase. He argues that because the judge, and not the jury, determined the quantity of narcotics he conspired to possess, he was denied the opportunity to have the jury find him guilty of a lesser included offense and denied his Sixth Amendment right to a jury trial.
 
 
 5
 We review de novo the district court's interpretation of a statute. See Ward v. Gordon, 999 F.2d 1399, 1401 (9th Cir.1993). We have already considered and rejected the argument Collins makes as applied to 21 U.S.C. Sec. 841, the substantive offense underlying his charge of attempted possession. "Section 841(a) does not specify drug quantity as an element of the substantive offense of possession with intent to distribute; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing." United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992); see also United States v. Egbuniwe, 969 F.2d 757, 763 (9th Cir.1992). The district court did not err in reserving for the sentencing phase a determination of the quantity of narcotics Collins-Avila conspired to possess.
 
 II
 
 6
 Collins also argues that the district court erred in sentencing him based on the 20 kilograms of cocaine he negotiated to purchase, instead of the amount he contends he was actually capable of purchasing.
 
 
 7
 We review de novo the district court's interpretation of the sentencing guidelines. Egbuniwe, 969 F.2d at 763. The district court's determination whether Collins "was 'reasonably capable of producing the negotiated amount' of drugs in an incomplete drug conspiracy is a factual determination" reviewed for clear error. United States v. Monroe, 943 F.2d 1007, 1018-19 (1991), cert. denied, 112 S.Ct. 1585 (1992).
 
 
 8
 The Application Notes to Sec. 2D1.1 of the Sentencing Guidelines provide that when a defendant "is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount."[1] If the district court finds the defendant "did not intend to produce and was not reasonably capable of producing the negotiated amount," however, the court excludes from the guideline calculation the amount that the defendant was not reasonably capable of producing. U.S.S.G. Sec. 2D1.1 Application Note 12. The government bears the burden of proving the negotiated amount. Thereafter, the defendant has the burden of proving he was not capable of producing or purchasing that amount. United States v. Barnes, 993 F.2d 680, 683 (9th Cir.1993).
 
 
 9
 The record reflects that Collins negotiated for the purchase of 20 kilograms of cocaine. The fact that the at the time of his arrest Collins was not carrying sufficient cash funds to purchase 20 kilograms does not compel the conclusion that he was incapable of purchasing the amount negotiated. See id. at 684; see also United States v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990).
 
 
 10
 The district court's conclusion that Collins negotiated the purchase of 20 kilograms of cocaine, and was not incapable of purchasing that amount, is not clearly erroneous. We affirm his conviction and sentence.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court is to apply the version of the Guidelines in effect on the date of sentencing. United States v. Johns, 5 F.3d 1267, 1269 (9th Cir.1993). Here, the effective date of sentencing was March 1993. The appropriate Guideline section is Sec. 2D1.1