Antonio Obsegera LUCATERO, aka Antonio Oseguera Lucatero, Petitioner—Appellant,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, et al., Respondent—Appellee.

No. 02–55190.

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2003.*

Decided June 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

838

Before: THOMAS and PAEZ, Circuit Judges, and REED, District Judge.**

MEMORANDUM ***

Antonio Oseguera–Lucatero, a.k.a. Antonio Obsegera Lucatero, ("Lucatero") is a federal prisoner who appeals the judgment entered by the district court denying his petitions for a writ of mandamus and a writ of habeas corpus. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

■ The district court properly dismissed Lucatero's petition for a writ of mandamus. A writ of mandamus is proper for the purpose of "compel[ling] an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Lucatero, however, fails to provide any authority under which the Immigration and Naturalization Service ("INS") must withdraw its detainer. With respect to the statutory provision providing for early removal of incarcerated aliens, such provision only authorizes the Attorney General to use the procedure. *See* INA § 241(a)(4)(B), 8 U.S.C. § 1231(a)(4)(B). Congress expressly does not provide any alien a private right "to compel the release, removal, or consideration for release or removal." § 241(a)(4)(D).

The district court correctly noted that mandamus is an extraordinary remedy only available if: (1) the individual's claim is clear and certain; (2) the official's duty is non-discretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *See Patel v. Reno,* 134 F.3d 929, 931 (9th Cir.1997). Lucatero did not satisfy these requirements.

II

■ The district court had jurisdiction over the habeas petition pursuant to 28 U.S.C. § 2241. Habeas corpus petitions filed under § 2241, unlike petitions filed under 28 U.S.C. § 2254, are not subject to a statutory judicial exhaustion requirement. *See Castro–Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir.2001). Thus, the district court incorrectly concluded that Lucatero was required to exhaust his administrative remedies as a predicate for filing his federal habeas petition. The district court also incorrectly concluded that Lucatero had waived his right to file a habeas petition by his execution of a Notice of Intent form. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (holding that a constitutional right may be waived only when there was "an intentional relinquishment or abandonment of a known right or privilege"). The district court further erroneously concluded that 8 C.F.R. § 3.2(c)(2), 8 C.F.R. § 3.38(b), and 8 U.S.C. § 1252(b)(1) imposed a statute of limitations on the filing of a habeas petition under § 2241.

■ Nonetheless, Lucatero is not entitled to habeas relief. Lucatero does not contest that he was convicted of an aggravated felony or that he entered the country without inspection.[1] Under such cir-

** The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. If Lucatero wishes to challenge whether the Order to Show Cause was properly terminated before removal proceedings against him were initiated, he must return to district court and file a new habeas action alleging this claim more clearly.

cumstances, he is not eligible for "any relief from removal that the Attorney General may grant in the Attorney General's discretion." INA § 238(b)(5). Accordingly, he is unable to demonstrate that the lack of a hearing prejudiced his claim by depriving him of a remedy that would have been otherwise available to him. *See United States v. Arrieta*, 224 F.3d 1076, 1083 (9th Cir.2000) (holding that alien sufficiently alleged a due process violation after he demonstrated that he waived his right to appeal without knowing that there was a possible form of relief available to him); *cf. United States v. Garcia–Martinez*, 228 F.3d 956, 964 n. 11 (9th Cir.2000) (observing that when "a defendant has conceded his guilt, the reliability of the underlying proceeding is not in dispute"). Without a showing of prejudice, Lucatero may not be granted relief. *See Ramirez–Alejandre v. Ashcroft*, 320 F.3d 858, 875 (9th Cir.2003) (en banc) ("As a predicate to obtaining relief for a violation of procedural due process rights in immigration proceedings, an alien must show that the violation prejudiced him.").

■ Lucatero also alleges that the removal order should be voided because the INS violated its own internal regulations and Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, art. 43(1), 21 U.S.T. 77, 104, by not informing him of his right to contact the Mexican Consulate. Once again, Lucatero fails to allege any prejudice resulting from such violation. Without a showing that the alleged violation of 8 C.F.R. § 242.2(e) (currently codified under 28 C.F.R. § 50.5) "harmed [his] interest[ ] in such a way as to affect potentially the outcome of [his removal] proceedings," the INS violation standing alone is insufficient to void the removal order. *United States v. Calderon–Medina*, 591 F.2d 529, 532 (9th Cir. 1979) (holding deportation order may not

be voided by § 242.2(e) violation unless alien demonstrates resulting prejudice).

For these reasons, the district court properly dismissed the habeas petition.

### III

■ The district court properly denied Lucatero's statutory and constitutional challenges to his removal from the UNICOR prison employment program. Because the UNICOR prison program is administered by the United States Bureau of Prisons, not the INS, and because the Bureau of Prisons is not a party to this action, we do not have jurisdiction to consider the claims. *See Brandes v. U.S.*, 783 F.2d 895, 897 (9th Cir.1986).

**AFFIRMED.**