**Robert HALL, Plaintiff—Appellant,**

v.

**Robert S. MUELLER, Director, FBI; et al., Defendants—Appellees.**

No. 03–35413.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.[*]

Decided Dec. 16, 2003.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Robert Hall, pro se, Seattle, WA, for Plaintiff–Appellant.

Robert Patrick Brouillard, Esq., USSE– Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Robert L. Hall appeals pro se the district court's judgment in favor of defendants in his action alleging violations of the Fourteenth Amendment, section 1983, the Federal Tort Claims Act ("FTCA"), the Freedom of Information Act ("FOIA"), and the Privacy Act of 1974. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal and summary judgment. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam). We affirm.

■ The district court properly dismissed Hall's claims against the FBI because the FBI is immune from suit. *See Gerritsen v. Consulado General De Mexico,* 989 F.2d 340, 343 (9th Cir.1993).

■ Likewise, the district court properly dismissed Hall's Fourteenth Amendment and section 1983 claims against the individual defendants because these provisions do not apply to federal government actors. *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.,* 483 U.S.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

522, 543 n. 21, 107 S.Ct. 2971, 97 L.Ed.2d 427 (1987) ("The Fourteenth Amendment applies to actions by a State."); *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir.1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.").

■ As the district court noted, Hall's allegations would also not give rise to a viable *Bivens* claim against the defendants in their official capacity. *See Daly–Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987) (holding that a *Bivens* action can only be maintained against a defendant in his individual capacity). A *Bivens* claim against defendants in their individual capacity would also fail because Hall's conclusory allegations are insufficient to create a genuine issue of material fact. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir.2001) (stating that conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion).

■ Hall's FTCA claims against the individual defendants fail because the only proper defendant for an FTCA claim against a federal employee for actions taken within the scope of employment is the United States. *See Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir.1993) (stating that remedy under FTCA against the United States is exclusive of any other civil action). If properly asserted against the United States, Hall's FTCA claims would fail because Hall did not allege negligent actions on the part of the defendants. *See* 28 U.S.C. § 1346(b)(1).

■ The district court properly granted the defendants summary judgment on Hall's FOIA and Privacy Act claims be-

cause Hall's submissions showed that the FBI provided Hall with most of the documents he requested and Hall failed to raise a genuine issue of fact as to whether the FBI improperly withheld certain documents pursuant to various statutory exemptions. *See* 5 U.S.C. § 552(b)(1), (b)(2), (b)(7)(C).

**AFFIRMED.**