**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 16 2020

FOR THE NINTH CIRCUIT

JOAQUIN ANDRES ACOSTA,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA; et al.,

Defendants-Appellees.

No. 19-55812

D.C. No. 5:18-cv-00369-CJC-ADS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 9, 2020[**]

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Joaquin Andres Acosta appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims. We have jurisdiction

under 28 U.S.C. § 1291. We review de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341

(9th Cir. 2010) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Serra*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010) (dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)).  We affirm.

The district court properly dismissed Acosta's Federal Tort Claims Act ("FTCA") claims because Acosta failed to exhaust his administrative remedies against the United States, the only proper defendant for an FTCA claim.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (FTCA bars a claimant from bringing suit in federal court unless the claimant has first exhausted administrative remedies); *Ward v. Gordon*, 999 F.2d 1399, 1401 (9th Cir. 1993) (remedy against United States under FTCA for actions of federal employee within the scope of employment is exclusive of any other civil action).

The district court properly dismissed Acosta's 42 U.S.C. § 1983 claims because defendants are not state actors.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Morse v. N. Coast Opportunities*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("§ 1983 precludes liability in federal government actors").

The district court properly dismissed Acosta's claim under California Penal Code § 118.1 because Acosta failed to allege facts sufficient to state a plausible claim.  *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (California Penal Code "sections do not create enforceable individual rights").

19-55812

The district court did not abuse its discretion by dismissing Acosta's claims against defendants Decker, Dier, Magistrate Judge Pym, and the named individual defendants' domestic partners, spouses, or betrotheds because Acosta failed to effect proper service of the summons and complaint on these defendants after being given notice and an opportunity to do so. *See* Fed. R. Civ. P. 4(m) (outlining requirements for proper service, and explaining that a district court may dismiss for failure to serve after providing notice and absent a showing of good cause for failure to serve); *Oyama v. Sheehan (In re Sheehan)*, 253 F.3d 507, 511-12 (9th Cir. 2001) (setting forth standard of review and discussing Rule 4(m)'s "good cause" standard).

The district court did not abuse its discretion by denying Acosta's motions for entry of default because defendants did not fail to plead or otherwise defend. *See* Fed. R. Civ. P. 55(a) (providing for entry of default when a defendant "has failed to plead or otherwise defend"); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (setting forth standard of review).

We reject as without merit Acosta's contentions that the individual defendants were improperly represented by the Department of Justice, the United States was required to file a motion for permissive intervention, and Acosta failed to receive proper notice of the motions to dismiss.

**AFFIRMED.**

19-55812