HELEN M. NORDMARK and COLETTA WHITCOMB,
Plaintiffs-Appellees, *v.* ROGER HAGADONE and
AUTO LEASING COMPANY OF HAWAII, INC., and
HAGADONE CAPITAL CORPORATION dba RADIO
STATION KISA, Defendant-Appellant

NO. 6757

DECEMBER 15, 1980

HAYASHI, C.J., PADGETT, J., AND
CIRCUIT JUDGE CHUN IN PLACE OF
ASSOCIATE JUDGE BURNS, DISQUALIFIED

*Per Curiam.* This appeal is taken from the judgment of the trial court in favor of the appellee and finding liability in the Hagadone Capital Corporation dba Radio Station KISA (hereinafter KISA) for the negligence of its president and general manager, Roger Hagadone.

The issue before us is whether Roger Hagadone was within the scope of his authority as president of KISA when he negligently operated an automobile leased to the corporation and proximately caused injuries to the plaintiff-appellee. The accident occurred on May 25, 1973 at approximately 1:30 in the afternoon. An automobile driven by the appellee Nordmark was stopped on a red light at the intersection of Waialae and Kilauea Avenues in Honolulu when Roger Hagadone, driving the company auto, rammed into the rear of

appellee's auto injuring her and passenger Whitcomb. This action was brought against Roger Hagadone, KISA and Auto Leasing Company of Hawaii (Auto Leasing Company was later dismissed). Judgment against Roger Hagadone was entered on March 27, 1974, when he failed to appear. In his answer to the complaint, Hagadone had asserted as an affirmative defense under the doctrine of respondeat superior that at the time of the accident he was within the scope of his employment with KISA. Trial in the case was originally set for the week of September 22, 1975, but was delayed by the court and called for resetting on February 2, 1977. Trial commenced on May 7, 1977.[1] At trial, the following was undisputed: 1) that Roger Hagadone was the driver of the auto that struck appellee's auto causing injuries to appellee; 2) that the auto driven by him was leased to KISA; and 3) that he was the president and general manager of KISA.

On the question of whether Hagadone could conceivably have been within the scope of his employment, the testimony of Pete Ramos, the station's director of operations, reveals the following:

Q. How often did you see Mr. Hagadone at the radio station?

A. I would say on the daily basis. He shows up at the station for a while and leaves.

. . . .

Q. Does he go out and come back in to the station and he is in and out of the station?

A. Yes, sir.

Q. Could you tell us what frequency, in other words, maybe two or three times a day he would go out and come back in, four times, ten times a day or were—

A. I think it would be safe to assume he comes into the station, goes out and comes back and goes out again.

Q. Maybe two times a day at least he would go out and come back in again?

---

[1] By this time Roger Hagadone was deceased; however, his failure to appear on March 27, 1974 was not attributable to his demise.

A. Yeah.

Q. This was both in the morning and in the afternoon?

A. For the whole day, sir.

On the basis of the foregoing the trial court ruled in favor of the appellees, finding specifically as a matter of fact and conclusion of law, that at the time of the accident Hagadone was acting in the course and scope of his employment for KISA.

Appellant argues that it should not be held liable for the plaintiff's injuries because, at the time the accident occurred, Hagadone was outside the scope of his employment and authority as president and general manager of KISA and was engaged in personal activity solely for his own benefit. KISA is an ethnic-language radio station whose programming is directed to the Filipino community. Because the accident occurred in a neighborhood whose residents are not generally a part of KISA's listening audience (Hagadone lived near the site of the accident) and because Hagadone was intoxicated at the time, appellant argues that he was, therefore, clearly outside the scope of his employment.

The question of whether an employee is acting within the scope of his employment at the time of an accident is a question of fact to be determined in the light of the evidence of each particular case. *Corden v. Paschoal's Ltd.*, 52 Haw. 242, 473 P.2d 561 (1970); *State v. Gibbs*, 336 N.E.2d 703 (1975). However contrary to appellant's view, we do not think that the doctrine of respondeat superior is to be so narrowly construed so as to preclude employer liability at every instance where it is shown that an employee conducts a personal activity in the course of the business day. On the contrary, the modern trend has been towards a liberalizing of the "scope of employment" and a corresponding enlargement of employer's tort liability even to situations where the employee has committed theft of company inventory, *Lucas v. Liggett & Myers Tobacco Co.*, 50 Haw. 477, 442 P.2d 460 (1968), or has been drinking heavily. *Ira S. Bushey & Sons, Inc. v. U.S.*, 276 F.Supp. 518 (E.D. New York 1967). *See* also *Corden v. Paschoal's Ltd., supra.*

In the case at bar the trial court found as a matter of fact, based upon the evidence before it, that Hagadone was within the scope of his employment with KISA when he negligently struck plaintiff's auto. The trial court had for its consideration the following: 1) an automobile leased to the corporation and 2) driven by its president and general manager who was vested with responsibility and authority to conduct and manage the affairs of the corporation and who was in and out of his office throughout the day, and 3) an accident caused by his negligence occurring at mid-day. A trial court's findings will not be overturned unless they are clearly erroneous. Rule 52(a), Hawaii Rules of Civil Procedure; *Lennen and Newell v. Clark Enterprises*, 51 Haw. 23, 456 P.2d 231 (1969); *Haiku Plantations v. Lono*, 1 Haw. App. 263, 618 P.2d 312 (1980); *Suesz v. St. Louis-Chaminade Education Center*, 1 Haw. App. 415, 616 P.2d 237 (1980); *Wick Realty, Inc. v. Napili Sands Maui Corp.*, 1 Haw. App. 448, 620 P.2d 750 (1980).

Finding no error, the judgment is affirmed.

*John R. Desha, II* on the briefs for defendant-appellant.

*Joseph A. Kinoshita* on the brief for plaintiffs-appellees.