Lawrence **GREEN**, Plaintiff–Appellant,

v.

Anthony **HILL**; R.A. Sanders; Robert E. Long; Glenn Alred, Jr., and United States of America, Defendants–Appellees.

No. 90–9114.

United States Court of Appeals, Eleventh Circuit.

Aug. 13, 1992.

Arthur Frank Millard, Atlanta, Ga., for plaintiff-appellant.

Sharon Douglas Stokes, Asst. U.S. Atty., Atlanta, Ga., Lisa S. Farringer, Civ. Div., Dept. of Justice, Mark W. Pennak, Barbara L. Herwig, Washington, D.C., for defendants-appellees.

Before KRAVITCH, Circuit Judge, HENDERSON and CLARK *, Senior Circuit Judges.

ON PETITION FOR REHEARING

PER CURIAM:

On petition for rehearing, the government calls into question the remand portion of our opinion in its penultimate paragraph. See 954 F.2d 694. (11th Cir.) We withdraw the last full paragraph of the opinion and substitute the following:

We therefore remand the case for a determination by the district court of whether the alleged assault and battery was work related. If the district court finds that the assault and battery occurred within the scope of Hill's employment, it must dismiss this case. If it finds that the acts occurred outside the

Appeals for the Eleventh Circuit.

scope of employment, it is within the district court's discretion to continue its jurisdiction over the case and adjudicate the controversy. On the other hand, the court may elect to remand the assault and battery issue to the state court. For an identical situation, *see Nadler v. Mann*, 951 F.2d 301, 306 n. 9 (11th Cir. 1992).