Erlinda Ubaldo CLAMOR,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 00–15124.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Filed March 2, 2001.

---

1. Judge Fisher was recused.

Richard Turbin, and Susan R. Kern, Honolulu, Hawaii, for the plaintiff-appellant.

Joachim P. Cox, Office of the United States Attorney, Honolulu, Hawaii, for the defendant-appellee.

Before: KLEINFELD, HAWKINS and TALLMAN, Circuit Judges.

Opinion by Judge HAWKINS; Dissent by Judge TALLMAN.

MICHAEL DALY HAWKINS, Circuit Judge:

Erlinda Clamor appeals the district court's dismissal of her tort claim which arose from a car accident on the Pearl Harbor Naval Base with James Karagiorgis, a civilian employee. The district court concluded that Karagiorgis had been acting within the scope of his employment as a federal employee at the time of the accident, and that therefore the case was governed by the Federal Tort Claims Act ("FTCA"). The district court dismissed the case because Clamor had failed to exhaust her administrative remedies under the FTCA. Because we conclude that Karagiorgis was not acting within the scope of his employment at the time of the accident, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

James Karagiorgis is a civilian employee of the United States Navy who is ordinarily assigned to the Naval Sea System Command ("NAVSEA") in Washington, D.C. For a few weeks in 1996, Karagiorgis was temporarily assigned to perform an "engineering reliability backfit" on the USS Los Angeles, which was moored at the Pearl Harbor Naval Base in Hawaii. Because no government quarters were available on the base, Karagiorgis arranged commercial lodging through a government travel agent and procured a rental car for use while in Hawaii. The cost of both the car and hotel were reimbursed by the Navy.

On January 24, 1996, James Karagiorgis finished his day's work on the USS Los Angeles, left the ship and began driving toward the exit of the base, which was some distance from the ship where he had been working. While still just inside the base, he rear-ended a car that was stopped in traffic, injuring Clamor.

After first exhausting her no-fault benefits as required by Hawaii state law, Clamor filed a complaint against Karagiorgis in Hawaii state court. The United States Attorney for the District of Hawaii certified that Karagiorgis was acting within the scope of his employment at the time of the accident, removed the case to federal court, and substituted the United States as defendant pursuant to 28 U.S.C. § 2679(d). The United States then moved to dismiss the case for lack of subject matter jurisdiction because Clamor had not exhausted her administrative remedies as required by the FTCA. 28 U.S.C. § 2675(a). The district court concluded that Karagiorgis had been acting within the scope of his employment and that therefore the certification, removal and substitution had been proper. The district court granted the United States' motion to dismiss.

## STANDARD OF REVIEW

■ A scope of employment certification pursuant to 28 U.S.C. § 2679(d)(2) is re-

viewed de novo by this court, *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th Cir.1996), as it was by the district court. *Pelletier v. Federal Home Loan Bank of San Francisco*, 968 F.2d 865, 875 (9th Cir.1992).

## DISCUSSION

█ In reviewing a scope of employment determination under the FTCA, we look to the principles of respondeat superior as articulated in the law of the place where the alleged tort occurred. *Id.* at 876. Therefore, in this case, we look to Hawaii law.[1]

Hawaii courts follow the Restatement (Second) of Agency § 228. *Henderson v. Prof'l Coatings Corp.*, 72 Haw. 387, 819 P.2d 84, 88 (1991). Under this test, an employee's conduct is within the scope of employment only if:

    (a) it is of the kind he is employed to perform;

    (b) it occurs substantially within the authorized time and space limits; [and]

    (c) it is actuated, at least in part, by a purpose to serve the master....

*Id.*

█ Karagiorgis was temporarily assigned to perform a special engineering project on the U.S.S. Los Angeles. At the time of the accident, however, Karagiorgis was off duty and was leaving the base to drive to his temporary home. This is not conduct "of the kind he was employed to perform," and was not "actuated by a purpose to serve the master." Hawaii courts have specifically rejected the notion that any action by an employee on temporary assignment can give rise to respondeat superior liability:

We do not believe that the respondeat superior doctrine is so pliant that where an employee is hired in one locality and relocated to another by his employer for an indefinite period of time, any act of the employee before, during or after his

working hours is one within the scope of his employment as long as he works for the employer in the latter locality.

*Kang v. Charles Pankow Assoc.*, 5 Haw. App. 1, 675 P.2d 803, 809 (1984).

If Karagiorgis had been on call around the clock or working until "his head hit the pillow," we might reach a different result. *Cf. Garcia v. United States*, 88 F.3d 318, 321 (5th Cir.1996). Karagiorgis, however, was not working the entire time he was in Hawaii, and was, in fact, off duty when the accident occurred. He was not engaged in any errand for his employer, but was leaving work and free to do whatever he wished. The fact that the United States reimbursed the cost of his rental car is more indicative of the inconvenience of working on an island in the middle of the Pacific Ocean (which makes it difficult for a temporary employee to bring his own car to work) than an indication that the employer considered all actions taken while driving that car to be within the scope of employment. The United States derived no benefit from Karagiorgis' activities once he stopped working on the U.S.S. Los Angeles and left for the day, any more than it does when any other employee departs for the evening. *See Wong–Leong v. Hawaiian Indep. Refinery, Inc.*, 76 Hawaii 433, 879 P.2d 538, 546 (1994) (test is whether conduct was related to employment or if enterprise derived benefit from the activity). Accordingly, Karagiorgis was not acting within the scope of his employment under Hawaii law.

Because we hold that the scope of employment certification was erroneous, Karagiorgis must be substituted back as a defendant; therefore, the FTCA does not govern this case and it was error for the district court to dismiss the action. We recognize that our decision may have some effect on whether diversity or federal question jurisdiction still pertains, and

---

1. In this respect, we believe the dissent's reliance on *Wilkinson v. United States*, 677 F.2d 998 (4th Cir.1982), is misplaced. *Wilkinson* did not apply Hawaii law, as we are required to do.

whether this case remains in federal court or is remanded to state court. *Compare Garcia,* 88 F.3d at 325 (once removed, federal court cannot remand case to state court even if certification was erroneous), *with Haddon v. United States,* 68 F.3d 1420, 1427 (D.C.Cir.1995) (federal court must remand to state court if certification was erroneous). The district court has not yet addressed these questions, and we intimate no view on these possible issues. They may be addressed, if necessary, in the first instance in district court.

REVERSED AND REMANDED for further proceedings consistent with this opinion.

TALLMAN, Circuit Judge, Dissenting:

Erlinda Clamor was injured on a military base in a minor car accident caused by another government employee. Her state court lawsuit was removed to federal district court by the United States. The district court dismissed the case because Mrs. Clamor failed to exhaust her FTCA remedies before bringing suit. I would affirm. I am unable to join the Court's opinion because it ignores the overwhelming evidence and case law supporting the U.S. Attorney's certification that the government employee was within the scope of his employment at the time of the accident.

I

Evangelos J. Karagiorgis drove the car that rear-ended the Clamor vehicle. Mr. Karagiorgis is a civilian employee of the Department of Defense who had been ordered to travel from his regular duty station in Washington, D.C., to Hawaii's Pearl Harbor Naval Base on *temporary duty.* There, Karagiorgis worked aboard the *USS LOS ANGELES* while she was undergoing an engineering retrofit. Because Pearl Harbor lacked adequate on-base housing, the Government ordered Karagiorgis to stay in a nearby hotel for this short-term assignment. Government counsel represented at oral argument that arrangements for Karagiorgis's lodging were made by a Government travel agent. Karagiorgis's orders specifically authorized him to drive to and from the submarine berth in a car rented from an agency which furnished vehicles to DOD employees pursuant to a Government contract.[1]

II

The accident occurred on January 24, 1996, just minutes after Mr. Karagiorgis finished working on the submarine, and while Karagiorgis drove his Government rental vehicle to his hotel. It occurred on base, near an exit gate. Base police were summoned to the scene and took a report. Karagiorgis cooperated with police and identified himself to Mr. Clamor, the driver of the car in which Mrs. Clamor had been a passenger.

Mrs. Clamor declined medical assistance at the scene of the accident but visited the Pearl Harbor dispensary shortly thereafter. Karagiorgis accompanied Mrs. Clamor and her husband to the dispensary, and while there he had another conversation with Mr. Clamor during which he again identified himself as a Government employee on temporary duty in Hawaii.

1. At the time he rented the car Karagiorgis declined additional auto insurance. This makes sense because the Government contract with the car rental agency specified that it was unnecessary for a federal employee to obtain insurance since the rental company was contractually obligated to provide full coverage for any damages occurring during official travel. Also, 41 C.F.R. § 301–10.451 states that no such insurance is needed because the employee is indemnified by the United States and the rental car company provides insurance by contract with the Government. This regulation denies Government employees reimbursement for the cost of collision insurance on rental cars because it is unnecessary. On these facts, it makes no difference whether the Federal employee was driving a Government rental car or an official Government vehicle when the accident occurred.

## III

Mrs. Clamor filed a state claim under Hawaii's "no-fault" statute and by May 8, 1997, she had received the maximum $20,000 in benefits for medical bills and lost wages arising from the accident. Clamor filed a complaint against Karagiorgis in Hawaii circuit court on April 3, 1998. The complaint was not served on Karagiorgis until May 13, 1999. Clamor explains that the delay was the result of confusion caused by an inaccuracy in the Navy's accident report regarding Karagiorgis's name.[2]

Karagiorgis turned the complaint over to his personal insurance carrier, State Farm Insurance Company, which in turn tendered the defense to the United States. On June 25, 1999, the United States Attorney for the District of Hawaii certified that Karagiorgis acted within the scope of his employment at the time his rental car struck the Clamor vehicle. The case was removed from state to federal court. The United States was then substituted in the place of Karagiorgis as the only defendant in this action. The Government moved to dismiss for lack of subject matter jurisdiction based on Clamor's failure to exhaust her federal administrative remedies. The district court granted the motion.

## IV

The Federal Employees Liability Reform and Tort Compensation Act ("Westfall Act") amended the Federal Tort Claims Act by immunizing Government employees for negligent and wrongful acts committed within the scope of their employment. 28 U.S.C. § 2679 (2000). Under the Westfall Act, the Attorney General may certify that a federal employee was acting within the scope of his employment at the time of the incident giving rise to liability. *Id.* at § 2679(d)(1). Upon such certification, the action then becomes one against the United States under the FTCA, and the Government is substituted as the party defendant in place of the individual employee. *See Ward v. Gordon,* 999 F.2d 1399, 1401 (9th Cir.1993).

We have held that the U.S. Attorney's certification is considered prima facie evidence that a federal employee was acting within the scope of employment at the time of the accident. *See Billings v. United States,* 57 F.3d 797, 800 (9th Cir.1995). Scope of employment is determined by the law of the state where the claim arises. *Pelletier v. Fed. Home Loan Bank of San Francisco,* 968 F.2d 865, 876 (9th Cir. 1992). While a scope of employment certification is subject to judicial review, the party seeking review bears the burden of refuting the certification by a preponderance of the evidence. *Id.* In other words, where the United States has assumed the benefits and burdens of defending its employee, we will not disturb that decision unless presented with substantial evidence requiring us to do so. The Hawaii district court properly found that Clamor failed to meet this high threshold.

Hawaii courts follow the Restatement (Second) of Agency § 228 on respondeat superior liability. Section 228 provides, in relevant part:

(1) Conduct of a servant is within the scope of employment if, but only if:

(a) it is of the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits; [and]

---

2. The police report identified Karagiorgis as "Evangelos, James Karagiorgis." Based on this report Clamor first named "Angelo Karagiorgis" and later "James Karagiorgis Evangelos" as a defendant. The complaint was not properly served until the correct name, Evangelos James Karagiorgis, was used. I would reject Clamor's argument that this establishes entitlement to equitable tolling excusing her failure to timely comply with the jurisdictional notice provisions of the FTCA. The record shows Mrs. Clamor knew Karagiorgis was also a federal employee and she could have easily located him through their common employer, the Department of Defense.

(c) it is actuated, at least in part, by a purpose to serve the master....

RESTATEMENT (SECOND) OF AGENCY § 228 (1958).

The Hawaii Supreme Court has explained that "the applicable test is whether the employee's conduct was related to the employment enterprise or if the enterprise derived any benefit from the activity." *Wong–Leong v. Hawaiian Indep. Refinery, Inc.*, 76 Hawaii 433, 879 P.2d 538, 546 (1994). In the past few decades, Hawaii law has trended toward a more liberal view of scope of employment. *See, e.g., Nordmark v. Hagadone*, 1 Haw.App. 487, 620 P.2d 763, 765 (19811) (employer liable for accident caused by intoxicated employee who was driver of vehicle leased to employer).

The district court determined, under both the Restatement and the clarification articulated in *Wong–Leong*, that Karagiorgis was within the scope of his federal employment under Hawaii law. First, in driving from his temporary duty station to his temporary lodging (arranged by his employer), Karagiorgis was engaged in the type of conduct he was employed to perform on orders of the Department of Defense. His orders authorized his use of a rental car to permit him to travel in and around his temporary duty area, which included the Pearl Harbor Naval Base and the Honolulu hotel where he was staying. This was no vacation or personal frolic. Karagiorgis's orders authorized reimbursement for his Government travel, including the cost of the Government rental car under federal contract with Alamo Rent A Car. He was also reimbursed for his subsistence lodging expenses incurred during his month-long assignment at Pearl Harbor.

Second, Karagiorgis's conduct was substantially within authorized time and space limits. Karagiorgis was still on the naval base at the time of the accident and just minutes earlier he was performing his assigned tasks aboard the *USS LOS ANGELES*. He was driving his authorized rental car in the authorized duty area in order to return directly to his authorized lodging.

Third, use of the rental car was necessary to serve the needs of the Government. There was no lodging available for Karagiorgis on the naval base. The Government was in need of his technical expertise in nuclear submarine work. To obtain his assistance, it was necessary to temporarily house Karagiorgis (while on this remote assignment 6,000 miles from his normal duty station) by arranging lodging at a nearby hotel and by providing him a car with which to commute. This arrangement was related directly to Karagiorgis's federal employment and it benefitted the Government because it allowed him to work on the submarine even though there was no room for him to stay on the Pearl Harbor base.

The opinion of the Court relies on *Kang v. Charles Pankow Associates*, 675 P.2d at 808–09 (Haw.App.1984). *Kang* recognized that the mere fact that an employee was translocated to Hawaii for an indefinite period by his employer is not sufficient (by itself) to impose respondeat superior liability. But in *Kang*, the employee had moved his belongings (including shipping at personal expense his own car) to the island of Kauai, had consumed several beers after work, and, hours later, was involved in a serious car accident while driving his own vehicle to a non-work-related dinner. The conduct in *Kang* did not satisfy any element of the Restatement test, whereas Karagiorgis's conduct satisfies all three.

Our case law clearly favors a finding of Government liability for accidents occurring on military installations. *See, e.g., Lutz v. United States*, 685 F.2d 1178 (9th Cir.1982) (Government liable for child's injuries resulting from failure of airman to control pet dog housed on air force base); *Washington v. United States*, 868 F.2d 332 (9th Cir.1989) (navy servicemen on liberty status were within scope of employment

while fixing personal automobile located in naval housing).

I am persuaded by *Wilkinson v. United States,* 677 F.2d 998 (4th Cir.1982).[3] There, a Navy serviceman on per diem allowance and driving a rental car was in an accident while returning to his hotel room for the night. The Fourth Circuit observed that the case was *not* a close one. The court easily determined that the serviceman's conduct was within the scope of his employment. Summary dismissal was held to be proper because the plaintiff had failed to exhaust administrative remedies under the FTCA before the statute of limitation expired. *Id.* at 998–1001. In this case, Mrs. Clamor also failed to exhaust her FTCA remedies.

Even if the U.S. Attorney's certification for scope of employment is erroneous, the district court need not remand to state court. The Ninth Circuit has recognized that, pursuant to the plain language of 28 U.S.C. § 2679(d)(2), certification for purposes of removal is conclusive. *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 744–45 (9th Cir.1991).

There is an issue the Supreme Court needs to resolve regarding the effect of overturning certification. Several of our sister circuits have held that a federal district court *must* retain jurisdiction over claims like Clamor's even after the federal court has rejected the U.S. Attorney's certification regarding scope-of-employment. *See Borneman v. United States,* 213 F.3d 819, 829 (4th Cir.2000) (once removed, federal court cannot remand case to state court even after holding that certification

was erroneous); *Garcia v. United States,* 88 F.3d 318, 325 (5th Cir.1996) (same); *Aliota v. Graham,* 984 F.2d 1350, 1356 (3d Cir.1993) (same); *but see Haddon v. United States,* 68 F.3d 1420, 1427 (D.C.Cir. 1995) (after finding certification erroneous district court must remand case to state court); *Nasuti v. Scannell,* 906 F.2d 802, 814 (1st Cir.1990) (same).[4]

There is no "grave" Article III problem with a district court retaining jurisdiction after it has rejected certification, even if no other ground for federal jurisdiction exists. *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 435, 115 S.Ct. 2227, 132 L.Ed.2d 375 (1995) (plurality) (declining to decide the issue because in that case an alternate basis for jurisdiction—diversity—existed). The federal court retains jurisdiction because certification under the Westfall Act "raises [a] questio[n] of substantive federal law at the very outset" and thus "clearly 'arises under' federal law, as that term is used in Art. III." *Id.* (quoting *Verlinden B.V. v. Central Bank of Nigeria,* 461 U.S. 480, 493, 103 S.Ct. 1962, 76 L.Ed.2d 81 (1983)). The better approach requires that this case remain in federal district court for adjudication of the remaining state law claims. The district court should conduct an evidentiary hearing to develop the necessary factual record to clarify the basis for retaining jurisdiction in this case.

The opinion of the Court fails to recognize that Karagiorgis was within the scope of his Government employment at the time of the car accident. It overlooks the fact

**3.** As the majority notes, *Wilkinson* was not decided under Hawaii law, which controls this case. In the absence of any Hawaii case directly on point, however, *Wilkinson* is persuasive because it dealt with facts very similar to those presented here.

**4.** The Sixth and Eighth Circuits have noted the split in authority and have declined to address this issue. *See Coleman v. United States,* 91 F.3d 820, 822 n. 2 (6th Cir.1996); *Heuton v. Anderson,* 75 F.3d 357, 361 (8th Cir.1996). The Eleventh Circuit has decided that it is up to the discretion of the district

court to decide whether to retain jurisdiction or to remand the case to state court. *Green v. Hill,* 954 F.2d 694, 698 (11th Cir.1992), withdrawn and superseded in part on reh'g, 968 F.2d 1098 (11th Cir.1992) (originally requiring remand to state court but then vacating in favor of an optional approach). The Second Circuit, like the Ninth, has held that certification for purposes of removal is conclusive but has not elaborated on this statement. *McHugh v. Univ. of Vermont,* 966 F.2d 67, 72 (2d Cir.1992).

that the accident occurred on a naval base and was therefore within the special maritime and territorial jurisdiction of the United States. Clamor failed to establish by a preponderance of the evidence that the scope of employment certification was improper under Hawaii law. I would affirm the dismissal of Clamor's tort claim for lack of subject matter jurisdiction because she failed to first exhaust her administrative remedies.

I respectfully dissent.