**Javier VELEZ, Plaintiff–Appellant,**

v.

**Fatema MOHIUDDIAN; Ten Unknown Named Internal Revenue Service Agents; Internal Revenue Service, an entity of the Government of the United States of America, Defendants–Appellees.**

**No. 99–56911.**

**D.C. No. CV–98–08859–SVW.**

United States Court of Appeals, Ninth Circuit.

Submitted April 17, 2001.*

Decided April 30, 2001.

Before PREGERSON, FERNANDEZ, and GRABER, Circuit Judges.

## MEMORANDUM **

Javier Velez appeals the district court's dismissal of his *Bivens*[1] and common law tort claims against Internal Revenue Officer, Fatema Mohiuddin.[2] We affirm.

■ (1) The *Bivens* claim was filed more than one year after the alleged wrong. It is time barred. *Wilson v. Garcia*, 471 U.S. 261, 280, 105 S.Ct. 1938, 1949, 85 L.Ed.2d 254 (1985); *Matthews v. Macanas*, 990 F.2d 467, 468–69 (9th Cir.1993); *see also* Cal.Civ.Proc.Code § 340(3).

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

2. Velez does not appeal the dismissal of his action against the United States.

(2) The Federal Tort Claims Act limits tort actions against federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b). The Attorney General certified that Officer Mohiuddin acted within the scope of her employment. That certification removed Officer Mohiuddin as the defendant and substituted the United States in her place. *See* 28 U.S.C. § 2679(d); *Ward v. Gordon,* 999 F.2d 1399, 1401 (9th Cir. 1993).

Velez contests the certification, claiming Officer Mohiuddin did not act within the scope of her employment. He is wrong. The Attorney General's certification is "prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident." *Billings v. United States,* 57 F.3d 797, 800 (9th Cir.1995). If the certification is contested, the party seeking review bears the burden of refuting the certification by a preponderance of the evidence, although we review the district court's ultimate decision de novo. *Id.; see also Clamor v. United States,* 240 F.3d 1215, 1216–17 (9th Cir.2001). Velez did not demonstrate that Officer Mohiuddin failed to act within the scope of her employment; indeed, his evidence shows the contrary.[3] Her acts were the obtaining and levying of an entry order. Clearly, those actions were incidents of her job as an IRS officer. Even if they were not perfectly performed, a matter on which we do not opine, under California law they were within the scope of the IRS's enterprise. *See Inter Mountain Mortgage, Inc. v. Sulimen,* 78 Cal. App.4th 1434, 1441–42, 93 Cal.Rptr.2d 790, 795 (2000); *Rita M. v. Roman Catholic Archbishop,* 187 Cal.App.3d 1453, 1461, 232 Cal.Rptr. 685, 690 (1986); *Neal v. Gatlin,*

35 Cal.App.3d 871, 876, 111 Cal.Rptr. 117, 121 (1973).

AFFIRMED.

---

**3.** We apply California law to the issue. *Clamor,* 240 F.3d at 1217.

