**Robert P. FLEMING, Plaintiff—Appellant,**

v.

**Lonnie GILES; Richard Thomas; Michael Humphrey; Dominick Gallo; Michael Merrall; David Gilliom; Rene Lutz; and Allen Halquist, individuals; the United States of America; Department of Transportation; Federal Aviation Administration, Phoenix Flight Standards District Office; Does 1–5, individuals; Doe 6–10, entities, Defendants—Appellees.**

No. 03–17219.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2005.*

Decided May 19, 2005.

James C. Hair, Jr., AUSA, Daniel G. Knauss, AUSA, Office of the U.S. Attorney, Phoenix, AZ, for Defendant-Appellee.

John Duke Harris, Phoenix, AZ, for Plaintiff-Appellant.

Before: KLEINFELD, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff Robert P. Fleming appeals from the district court's grant of summary judgment in favor of the various defendants. We affirm.

1. The district court dismissed *without* prejudice all claims against Defendants Gilliom, Lutz, and "Halquist" [sic] on the ground that Plaintiff asserted "no colorable grounds for holding these individuals liable." On appeal Plaintiff fails to address the district court's reason for the

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dismissal. Accordingly, the issue has been waived or abandoned. *See Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,* 122 F.3d 1211, 1217 (9th Cir. 1997) (stating that we review only issues that are "argued specifically and distinctly in a party's opening brief"); *Weston v. Lockheed Missiles & Space Co.,* 881 F.2d 814, 816 (9th Cir.1989) (holding that issues litigated below but not addressed on appeal are deemed abandoned).

2. The district court dismissed with prejudice the claims against Defendants Giles, Thomas, Humphrey, Gallo, and Merrall under the Federal Tort Claims Act (FTCA) on the ground that the FTCA does not confer jurisdiction over individual defendants. Plaintiff's argument that the conduct, rather than the identity, of the defendant governs jurisdiction is unpersuasive. Title 28 U.S.C. § 1346(b) gives district courts exclusive jurisdiction over claims against the United States but does not confer jurisdiction over individual government employees. *Hooker v. U.S. Dep't of Health & Human Servs.,* 858 F.2d 525, 531 (9th Cir.1988). And, if the employees are acting outside the scope of their employment, the FTCA does not govern the case. *Clamor v. United States,* 240 F.3d 1215, 1217 (9th Cir.2001). Because Plaintiff failed to allege an independent jurisdictional ground, the district court properly dismissed these claims.

3. The district court dismissed *without* prejudice Plaintiff's FTCA claim against the United States on the ground that the complaint failed to allege compliance with the administrative notice requirement of 28 U.S.C. § 2675(a). In his reply brief, Plaintiff argues that he did *give* notice, but does not address the district court's holding that his *pleading* of notice was defective. Because Plaintiff fails to discuss on appeal this ground for dismissal, he has waived or abandoned any assertion of error.

4. The district court properly dismissed with prejudice Plaintiff's claims against the United States under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 on the ground of sovereign immunity. Plaintiff's argument that the United States waived sovereign immunity by "ratifying" the acts of individual defendants is not persuasive. A party "may sue the United States only if Congress has waived sovereign immunity for the lawsuit." *N. Star Alaska v. United States,* 9 F.3d 1430, 1432 (9th Cir.1993) (en banc) (per curiam). "Furthermore, waivers of sovereign immunity are to be strictly construed." *Tucson Airport Auth. v. Gen. Dynamics Corp.,* 136 F.3d 641, 644 (9th Cir.1998).

5. The district court dismissed *without* prejudice Plaintiff's claims against individual defendants under 42 U.S.C. §§ 1983, 1985, 1986, and 1988 for failure to state a viable claim. Although Plaintiff argues broadly that the individual defendants violated his rights, on appeal he does not address specifically the district court's reason for dismissing these claims. Therefore, Plaintiff has waived or abandoned any assignment of error.

6. The district court properly dismissed with prejudice Plaintiff's constitutional claims against the United States on the ground that the United States has not waived its sovereign immunity. Plaintiff's argument that "subject matter jurisdiction is vested automatically" in cases involving fundamental constitutional rights is not persuasive. *See Delta Sav. Bank v. United States,* 265 F.3d 1017, 1024 (9th Cir. 2001) (holding that the United States has not rendered itself liable for "constitutional tort" claims).

7. The district court properly dismissed with prejudice Plaintiff's constitutional claims against the individual defen-

dants on the ground that they were time-barred. Plaintiff's contention that the running of the statute of limitations is tolled by these defendants' "continuous concealment" of their alleged wrongdoing is not persuasive because the record contradicts this contention. For example, as shown by Plaintiff's letter to Thomas in August of 1998, Plaintiff had actual knowledge of the conduct underlying his claim nearly four years before he filed the complaint, whereas the statute of limitations is two years. *See Kreines v. United States,* 959 F.2d 834, 836 (9th Cir.1992) (holding that the state's statute of limitations for personal injury actions applies to such claims); Ariz.Rev. Stat. § 12–542 (providing a two-year period of limitations for personal injury actions in Arizona).

8. The district court dismissed with prejudice Plaintiff's claims under the Ethics in Government Act and the Oath of Office Act on the ground that neither statute supports a private right of action. On appeal Plaintiff does not address the district court's reasons for dismissing these claims, so he has waived or abandoned any assertion of error.

9. The district court dismissed with prejudice Plaintiff's age discrimination claims on the ground that Plaintiff is not and was not an employee of any defendant. On appeal Plaintiff does not address the district court's reasons for dismissing these claims, so he has waived or abandoned any assertion of error.

10. The district court dismissed *without* prejudice Plaintiff's *qui tam* claim under the False Claims Act on the ground that Plaintiff failed to comply with the filing requirements of 31 U.S.C. § 3730(b)(2). We affirm on the alternative ground, argued in the summary judgment motion below, that Plaintiff failed to state a claim because Defendants never made a "claim" against the United States government within the meaning of the False Claims Act. *See United States ex rel. Aflatooni v. Kitsap Physicians Serv.,* 314 F.3d 995, 1000 (9th Cir.2002) (listing required elements of claim). Similarly, with respect to the False Claims Act's whistle-blower provision, Plaintiff fails to allege that his employer, SunPacific International, discriminated against him on account of protected conduct. *See United States ex rel. Hopper v. Anton,* 91 F.3d 1261, 1269 (9th Cir.1996) (describing elements of claim).

11. The district court dismissed with prejudice Plaintiff's claims against the United States for negligence and negligent entrustment on the ground that Plaintiff did not plead compliance with the FTCA's administrative notice requirement. By failing to address this reason on appeal, Plaintiff has waived or abandoned any assertion of error.

12. The district court dismissed with prejudice Plaintiff's claims against individual defendants for tortious interference with a contractual relationship on the ground that these claims are time-barred. For the reasons explained in Paragraph 7, above, Plaintiff's argument that the limitations period was tolled is unpersuasive.

AFFIRMED.