**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM SCHMIDT, County Prosecutor, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant - Appellee. | No. 12-36089 <br><br> D.C. No. 2:12-cv-01116-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief Judge, Presiding

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Taxpayer William Schmidt appeals pro se from the district court's order

dismissing his action alleging theft and conversion by a revenue agent of the

Internal Revenue Service.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Orff v. United States*, 358 F.3d 1137, 1142 (9th Cir. 2004) (questions of sovereign immunity and subject matter jurisdiction); *Clamor v. United States*, 240 F.3d 1215, 1216-17 (9th Cir. 2001) (certification under 28 U.S.C. § 2679(d)(2)). We affirm.

The district court properly denied Schmidt's motion to remand because the Attorney General certified that the agent was an employee of the Internal Revenue Service, and was acting within the scope of his employment during the incidents described in Schmidt's complaint. *See* 28 U.S.C. § 2679(d)(2); *Osborn v. Haley*, 549 U.S. 225, 231 (2007) ("[C]ertification is conclusive for purposes of removal, i.e., once certification and removal are effected, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court."); *Billings v. United States*, 57 F.3d 797, 800 (9th Cir. 1995) (Attorney General certification is prima facie evidence that a federal employee was acting in the scope of his employment at the time of the incident).

The district court properly dismissed Schmidt's action because Schmidt failed to show that the United States has waived its sovereign immunity from suit. *See* 28 U.S.C. § 2680(c) (excluding from the Federal Tort Claims Act "[a]ny claim arising in respect of the assessment or collection of any tax").

**AFFIRMED.**

12-36089