[No. 34107.   Department Two.   January 16, 1958.]

THOMAS GREENE, *Respondent,* v. ST. PAUL-MERCURY INDEM-
NITY COMPANY, *Appellant.*[1]

[1]Reported in 320 P. (2d) 311.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for appellant.

*Halverson, Applegate & McDonald* and *Donald H. Brazier, Jr.,* for respondent.

ROSELLINI, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought under the "omnibus clause" of a liability insurance policy.

On September 14, 1951, the plaintiff, Thomas Greene, employed as a salesman by L. A. Westerweller, doing business as Midway Motors, was involved in an automobile accident. The car, entrusted to him for demonstration purposes, was being driven by one Kelso. The drivers and owners of the other vehicles involved, John S. Cowdrey and Curtis G. Robbins, brought suits against Greene and his employer, which were consolidated for trial. Greene and Westerweller tendered their defense to Westerweller's insurance company, the St. Paul-Mercury Indemnity Company. The insurer accepted and conducted the defense of Westerweller but refused to defend Greene. As a result of this refusal, Greene was required to employ counsel and incur the expense of his own defense.

The jury in the consolidated suit found, in answer to special interrogatories, that Kelso was a "prospective purchaser" and that Greene was acting within the scope of his employment. Judgment was entered against both Greene and Westerweller, but Westerweller alone appealed to this court. That judgment was affirmed; for a detailed statement of the facts in the action, see *Robbins v. Greene,* 43 Wn. (2d) 315, 261 P. (2d) 83 (1953).

Thereafter, Greene commenced this action against the St. Paul-Mercury Indemnity Company for the expenses of

his defense which were incurred by reason of the insurer's failure to defend him in accordance with the provisions of his employer's insurance policy. The insurance company denied that he was an "insured" within the meaning of the policy.

The plaintiff's right of recovery is predicated upon the interpretation of the omnibus clause of his employer's liability policy, which provides:

"The coverage afforded under this policy with respect to automobiles is extended to . . . any other person, firm or corporation while using or legally responsible for the use thereof, *provided such use is with the permission of the named insured,* . . ." (Italics ours.)

The plaintiff introduced in evidence the liability policy, together with the judgment rolls of the Cowdrey and Robbins action.

The defendant insurer endeavored to show that the plaintiff was not an "insured" within the coverage clause in question at the time of the accident, in that, although the automobile may have been operated within the scope of Greene's employment, it was not operated with the permission of the named insured. The defendant, when its evidence was objected to, made proper offers of proof, but the evidence was rejected.

The trial court concluded:

"That plaintiff, Thomas H. Greene, was on or about September 14, 1951, and at all time material hereto, by virtue of the findings of fact in causes 37911 and 37912 aforesaid [the tort actions] acting within the course and scope of his employment as a salesman and demonstrator of an automobile for the said L. A. Westerweller, d/b/a Midway Motors. That said findings and the proceedings in said causes are res judicata as to this cause, and defendant is estopped to assert a defense based upon non-permissive use or that plaintiff was not acting within the scope of his employment and defendant can assert no cross-complaint against defendant [sic] because he is an insured under the policy."

From a judgment entered in favor of the plaintiff, the defendant has appealed.

The sole question which we must decide on this appeal is: whether a finding of agency in a suit against an employer and his employee for injuries caused by the negligence of the employee in the operation of the employer's car, is, in a subsequent action on the employer's liability policy, conclusive of coverage of the employee as one who used the car with the owner's permission.

The distinction between the doctrines of *"res judicata"* and "collateral estoppel" was noted by this court in the case of *East v. Fields,* 42 Wn. (2d) 924, 259 P. (2d) 639 (1953), wherein we stated:

"The rule is that when an insurer has notice of an action against an insured, and is tendered an opportunity to defend, it is bound by the judgment therein upon the question of the insured's liability. 1 Freeman, Judgments (5th ed.) 978, § 447; 30 Am. Jur. 969, § 237; and Restatement, Judgments 511, § 107. The *judgment,* however, is not conclusive as to the question of coverage of the policy in question (Restatement, Judgments 517, § 107 (g)), for the reason that the causes of action for tort liability and for indemnity liability are separate and distinct. 1 Freeman, Judgments (5th ed.) 991, § 450. Thus, the judgment fixing the tort liability of the defendants in the main action is not *res judicata* of the indemnity liability of the insurance company in the garnishment proceedings.

"Notwithstanding this, the doctrine of collateral estoppel applies in a proper case. This doctrine is that the insurer is bound by any material *finding of fact* essential to the judgment of tort liability, which is also decisive of the question of the coverage of the policy of insurance. Restatement, Judgments 293, § 68. It would, of course, be anomalous for a court to find such a critical fact one way in the tort action, and to the opposite effect in the garnishment proceeding."

Applying the doctrine of "collateral estoppel" to the instant case, the insurer, by virtue of the finding of the jury in the tort action, is estopped to assert a defense that Greene, at the time of the accident, was not acting within the scope of his employment.

However, was "permission" to use the car, as required by the omnibus clause of the insurance policy, necessary to or

inherent in the finding that the plaintiff acted within the scope of his employment; and is the insurer therefore estopped to assert a defense of "nonpermissive" use?

■ The test adopted by this court for determining whether an employee is, at a given time, *in the course of his employment,* is whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, *or* by specific direction of his employer; *or,* as sometimes stated, *whether he was engaged at the time in the furtherance of the employer's interest. Lunz v. Department of Labor & Industries,* 50 Wn. (2d) 273, 310 P. (2d) 880 (1957); *Roletto v. Department Stores Garage Co.,* 30 Wn. (2d) 439, 191 P. (2d) 875 (1948).

■ Under the doctrine of respondeat superior, an employer may, under certain circumstances, be held liable for the negligent act of his employee, although such act may be contrary to his instructions. See *Smith v. Leber,* 34 Wn. (2d) 611, 209 P. (2d) 297 (1949), and the language quoted therein from 35 Am. Jur. 993, Master and Servant, § 559.

In ruling upon a similar question, the supreme court of Connecticut decided in the case of *Skut v. Hartford Acc. & Indemnity Co.,* 142 Conn. 388, 114 A. (2d) 681 (1955), that while a finding of agency in a suit against an employer and his employee for injuries caused by the negligence of the employee in the operation of the employer's car is not, in a subsequent suit on the employer's automobile liability policy, conclusive of coverage of the employee as one who used the car with the owner's permission, the facts which warranted the finding of agency will permit a finding that the car was used with the owner's permission. This statement, however, was founded upon the court's view that "a person operating an automobile as agent of the owner within the scope of his agency must necessarily be operating with the permission of the owner."

■ With this, we do not agree in view of the doctrine of vicarious liability as recognized and applied by this court. In this jurisdiction, facts which will permit a finding of agency will not necessarily support a finding of permissive

use, and the insurer is entitled to submit his proof on this question where no finding was made in the prior action.

This is an action for breach of contract, and the burden is upon the plaintiff to bring himself within the provisions of the policy under consideration. This he failed to do. Whether the use of the car was with the permission of the employer is a question which was not necessarily determined when the jury in the tort cases found that Greene was acting within the scope of his employment when the accident occurred, and it was error for the court to exclude evidence on this question.

The judgment is reversed and a new trial ordered.

HILL, C. J., DONWORTH, OTT, and FOSTER, JJ., concur.

[1]Reported in 320 P. (2d) 300.