205 P.3d 905 (2009)
Andrea L. MELIN-SCHILLING, individually, and Andrea L. Melin-Schilling and James E. Schilling, a marital community; Connor Schilling, a minor child, Appellants,
v.
Daryl W. IMM, individually, and Daryl W. Imm and Jane Doe Imm, a marital community; Snoqualmie Valley School District No. 410, a municipal corporation and a subdivision of the State of Washington, Respondents.
No. 61921-7-I.
Court of Appeals of Washington, Division 1.
April 13, 2009.
*906 Mary Louise Gaudio, Attorney at Law, Bellevue, WA, Philip Albert Talmadge, Talmadge/Fitzpatrick, Tukwila, WA, for Appellants.
James Edyrn Baker, Attorney at Law, Ephrata, WA, for Respondents.
GROSSE, J.
¶ 1 An employee who drives an employer provided vehicle, performs work at multiple employer sites, and is driving to one site from a mandated break at an employer sanctioned location is acting within the scope of employment. Hence, failure to comply with Washington's claim filing statute[1] precludes initiating suit against that employee. We affirm the trial court's dismissal of this action.

FACTS
¶ 2 Daryl Imm was employed by the Snoqualmie Valley School District No. 410 as a maintenance custodian. Imm was assigned a truck to use during his work day as his job required him to work at four different schools in the district. At 7:00 a.m. on January 6, 2005, Imm arrived at work. Imm did not recall at which facility he was working that morning, but he did take his customary coffee break at approximately 9:00 a.m. at the Town Pump in downtown Snoqualmie. The district maintenance employees usually took their breaks together at the Town Pump. Imm's supervisor knew of and approved the maintenance employees taking breaks there. After his break, Imm drove the district truck towards Snoqualmie Elementary School. As he was making a turn, he hit black ice and crossed over the center line colliding with a car driven by Andrea Melin-Schilling.
¶ 3 Melin-Schilling sued both Imm and the school district seeking damages for injuries she sustained as a result of the accident. The first complaint alleged that Imm's conduct was within scope of his employment at the time of the collision.
¶ 4 The school district answered setting forth affirmative defenses including the failure to comply with Washington's claim filing statute, RCW 4.96.020(4).[2] The statute provides *907 that no tort action may be commenced against a government entity or its employees until 60 days have elapsed after the claim was filed with the appropriate governing body.
¶ 5 Melin-Schilling was granted leave to amend the complaint to assert an alternative theory of negligence against Imm personally, alleging that he was not acting within the scope of his employment. Imm and the school district moved to dismiss, arguing that Melin-Schilling was required, but failed, to file her tort claims with the school district pursuant to RCW 4.96.020 before commencing suit against either the employer or its employee. The trial court agreed and dismissed the tort claims against both Imm and the school district.
¶ 6 Melin-Schilling does not appeal the summary judgment dismissal of the claims against the school district. She does argue, however, that Imm was not acting within the scope of his employment at the time of the accident and, therefore, the requirements of the notice claim statute are inapplicable to the cause of action against Imm personally.

ANALYSIS
¶ 7 The issue of whether an employee on a mandated, employer sanctioned break is within the scope of employment has not been addressed in Washington State in the context of a tort action. However, in Dickinson v. Edwards, the Supreme Court set forth the test used in Washington to determine whether an employee's conduct occurred in the course of his employment:
"[W]hether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, or by specific direction of his employer; or, as sometimes stated, whether he was engaged at the time in the furtherance of the employer's interest." Elder v. Cisco Constr. Co., 52 Wash.2d 241, 245, 324 P.2d 1082 (1958) (citing Greene v. St. Paul-Mercury Indem. Co., 51 Wash.2d 569, 573, 320 P.2d 311 (1958)). In following this test we have emphasized the importance of the benefit to the employer in the determination of the scope of employment.[[3]]
It is similar to the test found in the Restatement (Second) of Agency § 228, which provides:
(1) Conduct of a servant is within the scope of employment if, but only if:
(a) it is of the kind he is employed to perform;
(b) it occurs substantially within the authorized time and space limits;
(c) it is actuated, at least in part, by a purpose to serve the master, and
(d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.
(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to save the master.
Here, Imm's employment involved driving to and from various school locations within the school district's boundaries. The accident occurred within that area while Imm was driving the school district's truck, while traveling en route to one of the schools to perform work duties. Further, Imm's supervisor testified in his declaration that he knew and approved of the location where the maintenance workers took their breaks and where he could reach them via their cellular telephones if needed.
¶ 8 Section 229 of the Restatement (Second) of Agency provides that "[i]f employees are required to use a particular vehicle and particularly if they are paid while in it, it would ordinarily be found that the driver of the vehicle is acting as the employer's servant."[4] This includes an employee's conduct *908 that was not specifically authorized by the employer so long as that employee's conduct was "similar to or incidental to the conduct authorized."[5]
¶ 9 In 2006, the Restatement (Third) of Agency replaced the 1958 version of the Restatement. This newer version is consistent with the previous one, providing:
An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.[[6]]
Washington courts have applied the reasoning found in the Restatement.[7]
¶ 10 Melin-Schilling argues that a tortious action that takes place during working hours is not per se within the scope of employment, citing Carroll v. Western Union Telegraph Company to support her position.[8] But the facts in Carroll are substantially different than those here. In Carroll, a motorcycle messenger, during a lull in work, informed his boss that he needed to get a part for his motorcycle. While returning from that errand, he was involved in an accident. The court found that he was outside the scope of his employment when the accident occurred even though he was given permission to leave and was not docked any pay. The Carroll employee was on a lengthy personal errand that was unrelated to his employment duties. Moreover, the Carroll case antedates the Restatement, Dickinson, and other later cases.
¶ 11 The better test and the test implicitly in place in Washington is summarized by the Tenth Circuit in O'Shea v. Welch:
"An employee is acting within the scope of [his employment] when [he] is performing services for which [he] has been [employed], or when [he] is doing anything which is reasonably incidental to [his employment]. The test is not necessarily whether this specific conduct was expressly authorized or forbidden by the employer[], but whether such conduct should have been fairly foreseen from the nature of the [employment] and the duties relating to it."[[9]]
Here, Imm's conduct of driving from an authorized coffee break at the Town Pump to one of the district's schools was foreseeable given the nature of Imm's employment and its associated duties.
¶ 12 Melin-Schilling argues that the peregrinations of employees to and from meals are always outside the scope of employment. She cites three cases from other jurisdictions to support her position  Stone v. Reed,[10]Peccolo v. City of Los Angeles,[11] and McNair v. Lend Lease Trucks, Inc.[12] Each of these cases, however, are factually distinguishable and none involved mandated paid work breaks. Here, Imm, the employee, was on a sanctioned, paid break and subject to the call of his employer. After completion of his mandated break, Imm was en route to perform his work duties at a district school in a district vehicle.
*909 ¶ 13 At oral argument, Melin-Schilling argued that it is of no consequence that the district had approved Imm's taking his break at the Town Pump, citing Johnson v. Safeway for support.[13] In Johnson, the court held that an employee who had injured himself in his employer's break room prior to starting his shift was not within the course of employment for purposes of maintaining a workers' compensation claim. Again, the facts are easily distinguishable. In Johnson, the accident occurred before work started while the employee was on his own time. Here, the accident occurred after Imm completed his paid break in the middle of his workday and was driving the district's truck on official school business when the accident occurred.
¶ 14 This case is unusual in that it is not the employer who is contesting whether the employee was acting within the scope of his employment. Here, the employer is arguing that the employee's actions were within the scope of its employment. We agree. Under these facts, at the time of the accident, Imm was acting within the scope of his employment. We affirm the summary judgment dismissal.
WE CONCUR: DWYER and BECKER, JJ.
NOTES
[1] RCW 4.96.020.
[2] RCW 4.96.020(4) provides:

No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.
[3] 105 Wash.2d 457, 467, 716 P.2d 814 (1986) (alternation in original).
[4] RESTATEMENT (SECOND) OF AGENCY § 229 cmt. d. (1958).
[5] RESTATEMENT (SECOND) OF AGENCY § 229(2) (1958).
[6] RESTATEMENT (THIRD) OF AGENCY § 7.07(2) (2006).
[7] See, e.g., Robel v. Roundup Corp., 148 Wash.2d 35, 53, 59 P.3d 611 (2002) (Supreme Court cited the Restatement (Second) of Agency § 228(2) (1958) considering whether an employee's conduct is outside the scope of employment); Udall v. T.D. Escrow Servs., Inc., 159 Wash.2d 903, 913, 154 P.3d 882 (2007) (applying the Restatement (Third) of Agency § 2.03 on the issues of apparent authority).
[8] 170 Wash. 600, 17 P.2d 49 (1932).
[9] 350 F.3d 1101, 1103 (10th Cir.2003) (quoting Pattern Instructions Kansas 3d 107.06) ("an accurate illustration of Kansas scope of employment law").
[10] 247 S.W.2d 325, 331-332 (Mo.App. 1952).
[11] 8 Cal.2d 532, 66 P.2d 651 (1937).
[12] 95 F.3d 325 (4th Cir. 1996).
[13] 137 Wash.App. 701, 155 P.3d 145 (2007).