**FILED**
**OCTOBER 17, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOHN AUSTIN, individually, | ) | |
| | ) | No.  36112-8-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JIMMY'S CONTRACTOR SERVICES, | ) | UNPUBLISHED OPINION |
| INC. d/b/a JIMMY'S ROOFING; RYAN | ) | |
| ERWIN and JANE DOE, individually | ) | |
| and/or as a marital community, | ) | |
| | ) | |
| Respondents. | ) | |

KORSMO, J. — John Austin appeals from the dismissal of his claims against

Jimmy's Contractor Services for injuries resulting from a dog bite he suffered while at

Jimmy's place of business.  We affirm.

FACTS

In the aftermath of the 2015 Windstorm,[1] Jimmy's contracted with a Colorado company, Golden Exteriors, to provide "sales and sales management services." Ryan Erwin and an associate arrived to assist Jimmy's on December 2 and were assigned space to work. Erwin brought a dog with him. Jimmy's allowed Erwin to keep the dog in his office on the premises, but directed that the dog have no contact with customers.

On December 7, Mr. Austin visited the business to schedule a roof repair. Employee Jennifer Love walked Austin to the door after the appointment was scheduled. Erwin's dog ran out of his office and bit Austin on the hand as the man tried to protect Ms. Love. The hand suffered tendon damage and Mr. Austin underwent surgery to repair the injury two months later.

Mr. Austin then sued both Erwin and Jimmy's, alleging negligence. Jimmy's eventually moved for summary judgment. Austin clarified that his theories of Jimmy's negligence involved premises liability and vicarious liability for its employee, Erwin. The trial court found elements of each theory lacking and granted summary judgment.

---

[1] A massive wind storm struck eastern Washington on November 17, 2015, causing great damage throughout the Spokane region and leaving 180,000 people without power. According to the Spokesman-Review, a total of 817 trees were downed just on city right-of-way alone. *See* https://www.spokesman.com/stories/2015/nov/29/windstorm-2015-by-the-numbers/. Numerous homes and roofs were damaged.

2

Mr. Austin timely appealed to this court. A panel considered the appeal without hearing argument.

ANALYSIS

Mr. Austin presents three theories of liability that we address in the order raised in the briefing: (1) vicarious liability, (2) premises liability, and (3) harboring a dangerous dog. Initially, we discuss the standards controlling our review before turning to the three arguments.

The standards for review of summary judgment rulings are well settled. We review a summary judgment de novo; our inquiry is the same as the trial court. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). We view the facts, and all reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Id.* If there is no genuine issue of material fact, summary judgment will be granted if the moving party is entitled to judgment as a matter of law. *Id.*; *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 93, 993 P.2d 259 (2000).

*Vicarious Liability*

Mr. Austin first argues that Jimmy's is vicariously liable for Erwin's dog because Erwin was an employee and the attack occurred during the course of his employment with Jimmy's. Respondent contests both of those allegations and argues that no evidence supports either proposition.

3

Dog owners are strictly liable for an injury caused by the dog to a person lawfully on private property. RCW 16.08.040(1); *Sligar v. Odell*, 156 Wn. App. 720, 726-727, 233 P.3d 914 (2010). The parties agree that Erwin is strictly liable for the injury caused by his dog. Understandably, they dispute whether Jimmy's is liable.

The standard for imposing liability on an employer is well understood. "Vicarious liability, otherwise known as the doctrine of respondeat superior, imposes liability on an employer for the torts of an employee who is acting on the employer's behalf." *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997). "Where the employee steps aside from the employer's purposes in order to pursue a personal objective of the employee, the employer is not vicariously liable." *Id*. Thus, liability is limited by the scope of employment. *Id*.

> What constitutes "course of employment" also has long been settled:
>
> The test adopted by this court for determining whether an employee is, at a given time, *in the course of his employment*, is whether the employee was, at the time, engaged in the performance of the duties required of him by his contract of employment, *or* by specific direction of his employer; *or*, as sometimes stated, *whether he was engaged at the time in the furtherance of the employer's interest*.

*Greene v. St. Paul-Mercury Indemnity Co.*, 51 Wn.2d 569, 573, 320 P.2d 311 (1958) (italics in original).

Assuming for these purposes that Erwin was an employee of Jimmy's, the claim still failed for lack of evidence that the presence of Erwin's dog on the premises was in

the course of Erwin's employment. The dog was on the premises with the permission of the employer, but was not there to help Erwin fulfill his job requirements or to further his employer's interests. Erwin was hired to provide sales and management services for a roofing company. While having the dog in the office was undoubtedly a convenience to Erwin, the dog had no role in Erwin's employment at Jimmy's.

The trial court correctly granted summary judgment to Jimmy's on this theory.

*Premises Liability*

Mr. Austin next argues that Jimmy's failed in its duty to maintain safe business premises for its business invitees. Jimmy's contends it had no notice that the dog was dangerous.

In a negligence action, a plaintiff must establish "(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Tincani v. Inland Empire Zoological Soc.*, 124 Wn.2d 121, 127-128, 875 P.2d 621 (1994). Whether a duty of care is owed is a question of law. *Id*. at 128.

In a premises liability action, the common law classifications for a person's status determine the duty of care owed by a landowner. *Id*. The duty of care a landowner owes to an invitee is:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>     (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

> (b)  should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c)  fails to exercise reasonable care to protect them against the danger.

*Id.* at 138 (quoting RESTATEMENT (SECOND) OF TORTS § 343 (1965)).  Essentially, a landowner owes his invitees a duty to maintain the property in reasonably safe condition.  *Ford v. Red Lion Inns*, 67 Wn. App. 766, 770, 840 P.2d 198 (1992).

The parties agree that Austin was an invitee.  Thus, Jimmy's owed Austin a duty to use reasonable care with respect to conditions on the premises.  *Tincani*, 124 Wn.2d at 138.  A dog is a condition on land.  *See Oliver v. Cook*, 194 Wn. App. 532, 544, 377 P.3d 265 (2016).

In *Oliver*, a premises liability claim based on a dog bite survived summary judgment.  *Id.* at 545.  In that case, plaintiff Steven Oliver operated an automobile shop on defendant Eugene Mero's property.  *Id.* at 535.  Defendant Henry Cook, a friend of Mero, owned a dog named Scrappy.  *Id.*  Mero was aware that Scrappy would bark at passersby.  *Id.* at 544.  He avoided approaching vehicles when Scrappy was inside, and warned others to do the same.  *Id.*  With Mero's knowledge, Cook left Scrappy in a parked truck with the window open.  *Id.* at 535.  When Oliver walked by the truck, Scrappy lunged out the window and bit him on the face.  *Id.* at 535-536.  Division Two of this court held that because Mero knew of the dog's aggressive tendencies, a triable issue of fact existed as to whether Mero breached his duty to Oliver as an invitee.  *Id.* at 544.

Here, Jimmy's had no indication that Erwin's dog was aggressive. The dog was friendly and playful and was present at the office without incident for several days prior to the bite. Austin presented no evidence that Jimmy's Roofing knew or should have known that Erwin's dog was dangerous.

There was no evidence that Jimmy's breached its duty to protect Austin from a dangerous condition. Summary judgment was properly granted on this theory of liability.

*Harboring a Dog*

Lastly, Mr. Austin claims that Jimmy's was a harborer of Erwin's dog, while Jimmy's claims that Austin did not plead this theory of liability. Whether or not the claim was sufficiently pleaded, there was insufficient evidence to support it.

Unless a dog is known to be dangerous, "the owner is liable only if negligent in failing to prevent the harm." *Beeler v. Hickman*, 50 Wn. App. 746, 754, 750 P.2d 1282 (1988). Liability also extends to one who harbors a dog. *Id*. at 752 n.2. "Harboring means protecting, and one who treats a dog as living at his house, and undertakes to control his actions, is the owner or harborer thereof, as affecting liability for injuries caused by it." *Markwood v. McBroom*, 110 Wash. 208, 211, 188 P. 521 (1920) (internal quotation marks omitted) (quoting 2 WORDS AND PHRASES 820 (2d ser. 1914)). However, permitting a dog to stay on one's land is insufficient to establish harboring. *Harris v. Turner*, 1 Wn. App. 1023, 1030, 466 P.2d 202 (1970). "'Thus, a father, on whose land his son lives in a separate residence, does not harbor a dog kept by his son

7

therein, although he has the power to prohibit the dog from being kept and fails to exercise the power or even if he presents the dog to his son to be so kept.'" *Id.* (quoting RESTATEMENT (FIRST) OF TORTS § 514 cmt. a (1938)). "The same is true where a master permits his servant to keep a dog in a house or part of the premises which is given over to the exclusive occupation of his servant." RESTATEMENT (FIRST) § 514. "In short, liability flows from ownership or direct control." *Frobig v. Gordon*, 124 Wn.2d 732, 735, 881 P.2d 226 (1994).

The facts of this case are quite similar to the second example from the *Restatement*, and the result is the same—an owner is not liable merely for permitting a dog to be on the premises. Any negligence flows from "ineffective control of an animal in a situation where it would reasonably be expected that injury could occur, and injury does proximately result from the negligence." *Arnold v. Laird*, 94 Wn.2d 867, 871, 621 P.2d 138 (1980). The amount of control necessary is that a reasonable person, knowing the total situation, "including the past behavior of the animal" and the risk of injuries, would exercise. *Id.* In order to raise a genuine issue of fact as to the breach, a plaintiff must present evidence that the defendant knew, or should have known, that the dog had dangerous propensities. *Sligar*, 156 Wn. App. at 732.

Here, there is no evidence that Jimmy's knew, or should have known, that Erwin's dog had dangerous propensities that required it to take action to protect visitors to the premises. Accordingly, it did not breach the duty of care it owed to Mr. Austin.

8

No. 36112-8-III
*Austin v. Jimmy's Contractor Servs., Inc., et al.*

The judgment of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Siddoway, J.

9